## Smith et ux. v. Black et ux. et al.

*McBride & McBride*, for plaintiffs.

*D. W. Patterson*, for defendants.

MCKAY, J., February 9, 1954.—This case comes before the court upon a motion by plaintiffs for judgment on the pleadings.

The motion requires the court to examine the pleadings, determine the legal sufficiency of the complaint and the answer, and render such judgment or order as shall be proper on the pleadings: Pa. R. C. P. 1034.

The complaint avers:

"3. The plaintiffs on May 22, 1953 entered into an agreement for the sale of certain property situate in Findley Township, Mercer County, Pennsylvania, with the defendants, Clarence L. Black and Lucile M. Black, his wife, providing for a sale price of $11,000.00, payable $500.00 upon the signing of the agreement and the balance on or before June 22, 1953, a copy of which contract is attached hereto, marked Exhibit A, and made a part hereof.

"4. The contract provided inter alia:

" 'It is mutually agreed and understood by and between both parties to this agreement, that first parties are trying to secure a mortgage, but that in the event they are unable to secure same then the $500.00 down payment is to be returned to them.'

"5. The plaintiffs on or about May 22, 1953 paid the sum of $500.00 down payment to Ira A. Matthews, the real estate agent of Clarence L. Black and Lucile M. Black. The said I. A. Matthews gave plaintiffs a receipt for said down payment providing 'This $500.00

to be returned if mortgage cannot be secured,' a copy of which receipt is attached hereto marked Exhibit B, and made a part hereof.

"6. A mortgage was not able to be secured by the closing date of June 22, 1953.

"7. The contract further provided as follows:— 'Possession of property is to be given 30 days after second parties are sure of obtaining mortgage on same, not June 22, 1953.

"8. Possession of the property was never given to the plaintiffs.

"9. The plaintiffs requested the refund of the said $500.00 which was refused to them by I. A. Matthews, real estate agent, and the same was also refused by Clarence L. Black and Lucile M. Black."

The answer admits all of the paragraphs of the complaint except paragraph 6, as to which it sets forth the following:

"6. Paragraph no. 6 is admitted to the extent that a mortgage was not secured by June 22, 1953, but it is further alleged and averred that the plaintiffs were not sufficiently diligent in securing said loan and had they been so diligent they would have been able to have secured said loan."

Under new matter the answer avers:

"The above named defendants aver as New Matter that by the statements and actions of the plaintiffs after June 22, 1953, they were led to believe that time was not of the essence and that it was the intention of the plaintiffs to complete the agreement and purchase the property. After that date, on or about July 16, 1953, the plaintiffs signed certain applications to complete a loan which was applied for on June 1, 1953, and otherwise by their statements and actions indicated to the defendants that it was their intention to complete this transaction and provide the balance of the purchase price. Relying on these statements and

actions of the plaintiffs the defendants kept themselves ready, willing and able to complete their part of the bargain at all times until on or about August 14, 1953, at which time they were notified that the plaintiffs had called off the whole transaction."

The material portion of the agreement sued upon and of the receipt referred to in paragraph 5, which is dated May 21, 1953, attached to the complaint, are included in the above-quoted paragraph of the complaint.

As we interpret the complaint, it avers, in substance:

1. That defendants entered into a written agreement to sell their property to plaintiffs and plaintiffs agreed to buy it for $11,000;

2. That it was one of the terms of the agreement that the $500 down payment made by plaintiffs would be refunded to plaintiffs in the event that the latter were unable to obtain a mortgage loan on the property to complete the transaction;

3. That the closing date was fixed at June 22, 1953;

4. That the mortgage was "unable to be obtained";

5. That plaintiffs demanded the refund of $500 (the date is not mentioned), which defendants refused.

The complaint appears to set forth a good cause of action. The word "able" ordinarily means "having sufficient power, strength, force, skill, means or resources of any kind to accomplish the object." Webster New Int. Dictionary. As used in the agreement to describe plaintiffs' duty with regard to obtaining a mortgage loan necessary to complete their purchase, we think it implies that plaintiffs will be successful after reasonable effort in finding a person with mortgage money willing to lend the required amount upon this property as security. When plaintiffs averred that the mortgage "was not able to be obtained", we assume that they intended to say that they were not success-

ful, after reasonable effort, in obtaining the loan necessary to consummate the transaction.

The answer does not deny any of these allegations. It is true that, in paragraph 6, it alleges that plaintiffs "were not sufficiently diligent in securing" the required loan, and that "if they had been so diligent they would have been able" to obtain one. This language does not deny plaintiffs' averment of inability to obtain a loan.

Defendants' allegation is weakened by the admission in the agreement attached to the pleading that plaintiffs were trying to obtain a loan at the time when the agreement was executed, and by the averment in the answer, under New Matter, that they continued the effort after the agreed closing date.

Nowhere is there an unqualified denial of plaintiffs' averment that the mortgage "was unable to be obtained" or a positive statement that plaintiffs were in fact able to obtain a loan.

Defendants contend that the agreed closing date, June 21, 1953, was not the last date when the loan need be obtained, since time is not of the essence under the agreement. However, since the answer does not aver that plaintiffs were able to obtain a loan at a later period, this consideration would not be material.

In our opinion, the answer does not set forth sufficient facts to prevent recovery by plaintiffs of the amount of their deposit.

The provisions in the agreement relative to the date of delivery of possession are immaterial to the present issue, inasmuch as the conditions upon which possession was to be delivered were never fulfilled.

The complaint avers that plaintiffs requested the refund of the deposit and that the request was refused by defendants, but fails to set forth the date of the request. Interest would therefore not be payable upon the amount of the refund until the date of bringing

the action, which was September 28, 1953: Ayoob v. William Penn Trust Company, 132 Pa. Superior Ct. 496.

We conclude, therefore, that plaintiffs are entitled to judgment upon the pleadings and that the following order should be entered:

*Order*

And now, February 9, 1954, it is ordered that judgment in favor of plaintiffs, Clyde K. Smith and Hilda M. Smith, his wife, and against defendants, Clarence L. Black and Lucile M. Black, his wife, and I. A. Matthews, be entered in the amount of $500, with interest from September 28, 1953.